Slip Op. 16-20

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRI UNION FROZEN PRODUCTS, INC. ET AL., | |
|     Plaintiffs and Consolidated Plaintiffs, | |
| v. | |
| UNITED STATES, | Before: Claire R. Kelly, Judge |
|     Defendant, | Consol. Court No. 14-00249 |
| and | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | |
|     Defendant-Intervenor. | |

## MEMORANDUM AND ORDER

[Denying VASEP's motion for judicial notice.]

Dated: March 7, 2016

Jonathan Michael Freed, Trade Pacific, PLLC, of Washington DC argued for Plaintiffs Tri Union Frozen Products, Inc., Mazzetta Company LLC, Ore-Cal Corporation, and Consolidated Plaintiff Quoc Viet Seaproducts Processing Trading and Import-Export Co., Ltd.  With him on the brief was Robert George Gosselink.

William Henry Barringer and Matthew Paul McCullough, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington DC argued for Consolidated Plaintiffs Vietnam Association of Seafood Exporters and Producers and certain of its individual member companies.  With them on the brief were Claudia Denise Hartleben, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington DC, Alexandra Bradley Hess and Matthew Robert Nicely, Hughes Hubbard & Reed LLP, of Washington DC.

Nathaniel Jude Maandig Rickard, Picard, Kentz & Rowe, LLP, of Washington DC argued for Consolidated Plaintiff and Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee.

Joshua Ethan Kurland, Trial Attorney, and Kara Marie Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, argued for Defendant.  With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of Counsel on the brief was Mykhaylo Alexander Gryzlov, Senior Attorney, Office of the Chief Counsel for Trade and Compliance, U.S. Department of Justice, of Washington DC.

Kelly, Judge:  This matter is before the court on a motion for judicial notice filed by Consolidated Plaintiffs Vietnam Association of Seafood Exporters and Producers and certain of its individual member companies (collectively "VASEP").  See generally Consolidated Pls.' Mot. for Judicial Notice, Dec. 3, 2015, ECF No. 90 ("Motion").  In the Motion, VASEP asks that the court take judicial notice of certain information in further support of its USCIT Rule 56.2 motion for judgment on the agency record challenging the U.S. Department of Commerce's ("Department" or "Commerce") final determination in the eighth administrative review of the antidumping duty order covering certain frozen warmwater shrimp from the Socialist Republic of Vietnam for the period of February 1, 2012 through January 31, 2013.  See generally id.; Resp't Pls. VASEP and Individual VASEP Members' Br. Supp. Mot. J. Agency R., Mar. 30, 2015, ECF No. 50 ("VASEP Br.").  Specifically, VASEP asks the court to take judicial notice of the following:

> 1. Public comments submitted by university professors in response to a Department of Commerce request for public comments on differential pricing analysis published in the *Federal Register*.
>
> 2. Academic articles on the Cohen's d methodology that explain relevant underlying statistical principles, including an online statistics textbook published by an accredited university and an academic paper published at an educational research conference.

Motion 1.[1]  On December 23, 2015, Defendant United States ("Defendant") filed its response opposing VASEP's motion for judicial notice.  See generally Def.'s Resp Opp'n to Pls.' Mot. for Judicial Notice, Dec. 23, 2015, ECF No. 96 ("Def.'s Resp.").  Defendant argues that "VASEP's motion misapplies the principle of judicial notice, and seeks to improperly convert this Court's examination of an agency's action based on the contents of the administrative record into *de novo* review." Id. at 1.  Specifically, Defendant argues that judicial notice "is not appropriately exercised in a record-review case, such as this one," and "[c]ontrary to VASEP's assertions, the materials it seeks to submit are *not* of the type that satisfy the standards of judicial notice." Id. at 2–3.  On February 10, 2016, the court held oral argument allowing the parties to further argue their positions on the

---

[1] VASEP provided the following citations for the offered materials attached to its Motion:

1. J. Gastwirth, R. Modarres, Q. Pan, "*Some statistical aspects of the Department's use of Cohen's D in measuring differential pricing in Anti-Dumping cases that should be considered before it is formally adopted*", received June 19, 2014, available at http://enforcement.trade.gov/download/dpa/diff-pricing-analysis-cmts-062014.html. (last viewed December 2, 2015).
2. Online statistics Education: A Multimedia Course of Study (http://onlinestatbook.com/).  Project Leader: David M. Lane, Rice University., Chapter 19 "*Effect Size*", Section 2 "*Difference Between Two Means*," available at http://onlinestatbook.com/2/effect_size/two_means.html (last viewed December 2, 2015).
3. Robert Coe, "*It's the Effect Size, Stupid: What effect size is and why it is important*," Paper presented at the Annual Conference of British Educational Research Association, September 2002, available at http://www.leeds.ac.uk/educol/documents/00002182.htm (last viewed December 2, 2015).

Motion 5.

issues in this case, including VASEP's Motion.  See generally Oral Arg., Feb. 10, 2016, ECF No. 101.  The other parties in this action have not taken a position on VASEP's Motion.  For the following reasons, the court denies VASEP's Motion.[2]

## DISCUSSION

Judicial notice is the means by which a court recognizes a fact in the absence of evidentiary proof.  "Judicial notice provides a flexible procedure to take notice that certain information is true." Weinstein on Evidence § 201.02[1].  Pursuant to 28 U.S.C. § 2641(a), "the Federal Rules of Evidence shall apply to all civil actions in the Court of International Trade."  28 U.S.C. § 2641(a).  Rule 201 of the Federal Rules of Evidence provides that a court may, at any stage of the proceeding, take judicial notice of any fact "not subject to reasonable dispute because: (1) it is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b), (d).  The court may take judicial notice on its own without a request, but "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).

---

[2] In its USCIT Rule 56.2 motion for judgment on the agency record, VASEP also argues that Commerce wrongfully rejected portions of mandatory respondent Minh Phu Group's case brief for containing untimely filed new factual information.  See VASEP Br. 10–16.  Much of the information that VASEP argues Commerce wrongfully rejected from Minh Phu Group's case brief overlaps with the information that VASEP requests the court to take judicial notice of here.  See Motion 5; Rejection of New Information in Case Brief, PD 248 at bar code 3218413-01 (July 29, 2014).  Despite this common aspect of both motions, the court notes that VASEP's argument in its motion for judicial notice is separate and distinct from the argument it has made with respect to Minh Phu Group's case brief in its Rule 56.2 motion, and thus the court's decision here has no bearing on the latter.

To be entitled to judicial notice, the moving party must submit the necessary information to show that the matter is not "subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)–(c). Rule 201 of the Federal Rules of Evidence requires the court to consider not only whether matter at issue is "not subject to reasonable dispute," but also whether it is not subject to reasonable dispute because it is either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Therefore, a condition precedent to indisputability is whether the movant submits information showing the matter "is generally known within the trial court's territorial jurisdiction," or, alternatively, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). VASEP's Motion does not address either condition precedent. VASEP fails to demonstrate that the information within the offered materials are in any way not subject to reasonable dispute as required by the rule.

The public comments are not properly the subject of judicial notice. VASEP has supplied no information showing that the public comments are beyond reasonable dispute, let alone beyond reasonable dispute because they are "generally known" or capable of accurate verification "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). VASEP's own motion concedes that the public comments are in support of a particular position, not in any way indisputable:

> The public comments . . . were provided to the Department of Commerce in response to a request for comment on differential pricing. *See Differential Pricing Analysis; Request for Comments*, 79 Fed. Reg. 26,720 (Dep't of Commerce May, 9, 2014). . . . These comments are relevant because they support Plaintiff's position that the differential pricing approach applied in the underlying proceeding is fundamentally flawed.

Information that is relevant and supports one's position is not the same as information that is "not subject to reasonable dispute." Beyond conclusory statements, VASEP fails to address the applicable standard and fails to provide support for the proposition that the public comments satisfy the requirements of Rule 201 of the Federal Rules of Evidence.

VASEP asserts "[a] court may take judicial notice of information appearing on a government website." Motion 2. VASEP relies on two cases which are not binding on this court and also fail to support VASEP's position. See id. VASEP cites to Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992 (9th Cir. 2010), where the Ninth Circuit, in considering a suit by employees in connection with "403(b) retirement plans," took judicial notice of information displayed on school district websites. See Daniels-Hall, 629 F.3d at 998–99. VASEP also cites to Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600 (7th Cir. 2002), where the Seventh Circuit took judicial notice that one bank was a branch office of another, which was information found on an official website of the Federal Deposit Insurance Corporation. See Laborers' Pension Fund, 298 F.3d at 607–08. VASEP therefore argues that the court should take judicial notice of the public comments because they "were provided to the Department of Commerce in response to a request for comment on differential pricing" and "are available on Commerce's website at http://enforcement.trade.gov/download/dpa/diff-pricing-analysis-cmts-062014.html."

Motion 2. However, VASEP's reliance on these cases reveals a misunderstanding of the standard.

The fact that information appears on a government website does not make that information generally known or readily verified for accuracy and thus not subject to reasonable dispute. In Daniels-Hall, the court took judicial notice of a "list of approved 403(b) vendors" and "neither party dispute[d] the authenticity of the web sites or the accuracy of the information displayed therein." Daniels-Hall, 629 F.3d at 998–99. In Laborers' Pension, the court took judicial notice of the fact that one bank was a branch office of and owned by another bank, which was not subject to reasonable dispute because the truth of the matter could be "accurately and readily determined" from an official website. Laborers' Pension, 298 F.3d at 607–08. Here, however, the posted information is subject to reasonable dispute. Defendant argues the public comments "are not generally known within the trial court's territorial jurisdiction and are subject to reasonable dispute—indeed, the whole *point* of a party submitting comments is to express its views and make an argument on a disputed issue." Def.'s Resp. 3. The truth of the public comments also cannot be accurately and readily determined by referring to the government website. All that can be determined is that those comments were made, which is not the purpose for which VASEP has offered the public comments. The standard is not that the offered information is "not subject to reasonable dispute" because it is published on a website, but rather, the standard is that the offered information is not subject to reasonable dispute because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b). Thus, it is not appropriate for the court to take judicial notice of the public comments because VASEP has not demonstrated that they are not subject to reasonable dispute.

The academic materials are also not the proper subject of judicial notice. VASEP again fails to demonstrate that the information contained within the academic materials is not subject to reasonable dispute. VASEP simply states that the materials are "[a]cademic articles on the Cohen's d methodology that explain relevant underlying statistical principles, including an online statistics textbook published by an accredited university and an academic paper published at an educational research conference" and that "they are directly relevant to the differential pricing analysis that Commerce applied in the underlying proceeding." Motion 1, 3. VASEP additionally states that "[t]hese papers are further unique in that Commerce in issuing its final results in the underlying proceeding indirectly relied upon other aspects of the materials to support its own position." Id. at 3. Again, VASEP refers to these materials as "relevant" and "unique." See id. However, neither relevance nor uniqueness is the standard for judicial notice. The applicable standard is whether the facts in the documents are not subject to reasonable dispute because they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Nowhere does VASEP address this standard and explain why the information from the academic materials is not reasonably subject to dispute. VASEP has simply failed to supply "the necessary information" warranting judicial notice of the academic materials. Fed. R. Evid. 201(c).

VASEP claims that the court should take judicial notice of the information in the academic materials because it "undermine[s] Commerce's rationale and underlying assumptions." Motion 3. But the standard for judicial notice is not whether the information sought might undermine Commerce's rationale, but whether the information is indisputable because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). VASEP's citation to Borlem S.A. – Empreedimentos Industriais v. United States, 913 F.2d 933 (Fed. Cir. 1990), does not support its position that information that undermines Commerce's position is subject to judicial notice notwithstanding the standard embodied in Rule 201 of the Federal Rules of Evidence.[3] In Borlem, the Court of Appeals for the Federal Circuit considered the International Trade Commission's ("ITC") authority to reconsider a determination pursuant to an order from the Court of International Trade. See Borlem, 913 F.2d at 940. The Court of International Trade had ordered the ITC to reconsider its affirmative threat of injury determination after taking judicial notice of

---

[3] VASEP also cites Union Camp Corp. v. United States, 23 CIT 264, 53 F. Supp. 2d 1310 (1999) which is not binding on this court and, in any event, fails to support VASEP's position. In Union Camp, the court granted a motion to reconsider the court's prior remand order finding that the "Remand Order was ambiguous, in so far as Commerce interpreted the Remand Order as preventing it from considering record evidence of market prices in valuing the octanol-2." Union Camp, 23 CIT at 264, 53 F. Supp. 2d at 1313. In doing so, the court took judicial notice of the fact that "in its third administrative review of antidumping duties on sebacic acid from the [People's Republic of China], Commerce, on the basis of a letter from the editor of the Chemical Weekly (India), reversed its previous position and found that the 'octanol' quote from this publication did not refer to octanol–1." Id. at 265, 53 F. Supp. 2d at 1313. Taking judicial notice of an agency's finding in a final determination is something that cannot be disputed because it can be accurately and readily verified. That the court went on to direct the agency on remand to open the administrative record and consider the letter from the judicially noticed determination does not support supplementing of the record before the court in this case.

Commerce's amended final determination of sales at less than fair value of tubeless steel disc wheels from Brazil, noting:

> [T]his Court must take judicial notice of decisions of federal executive departments when requested by a party. *See*, Fed.R.Evid. 201; *Caha v. United States*, 152 U.S. 211, 221–22, 14 S.Ct. 513, 516–17, 38 L.Ed. 415 (1894); 10 Moore's Federal Practice § 201.02(1) (2nd Ed.1988 & Supp.1989). Since plaintiff requested this Court to take judicial notice of the Second–Amended Determination by Commerce, this Court must and does take judicial notice of that determination. The Second–Amended Determination terminated suspension of liquidation for all entries of TSDWs from Brazil by FNV. In the Second–Amended Determination Commerce indicated the reason for the suspension was its finding of *de minimis* dumping margins.

Borlem S.A.-Empreedimentos Industriais v. United States, 13 CIT 535, 541, 718 F. Supp. 41, 46 (1989), aff'd and remanded, 913 F.2d 933 (Fed. Cir. 1990).  The Court of Appeals affirmed the Court of International Trade's decision to take judicial notice of a finding in an administrative proceeding.  Borlem, 913 F.2d at 940.  The Court of Appeals' decision in Borlem fits within the framework of the Rule 201(b).  In Borlem, Commerce's finding in the amended final determination was not subject to dispute because the result reached by Commerce was "on the record, having been published in the Federal Register," and could be accurately and readily determined. Borlem, 913 F.2d at 940.  While one might have contested that Commerce reached the correct result, one could not dispute that Commerce reached the result it did.  The latter point is the point that was judicially noticed. Here, VASEP does not seek to have the court take notice of the fact that the academic articles were written or that the public comments were made, it wishes to have the information from those materials judicially noticed for the truth of the statements contained

within for the court to consider. VASEP has failed to put forth any showing that the truth of the information from these materials is indisputable.

VASEP's argument that Commerce relied on the offered academic materials in the final results here mischaracterizes Commerce's conduct. VASEP states that "[t]hese papers are further unique in that Commerce in issuing its final results in the underlying proceeding indirectly relied upon other aspects of the materials to support its own position. Specifically, Commerce relied upon findings and direct quotations from <u>Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review</u>, 77 Fed. Reg. 67,337 (Dep't of Commerce Nov. 9, 2012) ("<u>Activated Carbon</u>"), I&D Memo at Comment 4." Motion 3. However, as Defendant correctly points out, Commerce relied on a prior determination that was reached after considering similar materials, but Commerce did not rely upon those materials in reaching its determination here. <u>See</u> Def.'s Resp. 4. The record in <u>Activated Carbon</u>, not the administrative proceeding here, contained these materials. Commerce's reliance on a finding from a prior determination did not consequently incorporate the information from the record of that proceeding to the record of the instant administrative review.

Moreover, granting VASEP's Motion in this case would run counter to a fundamental principle of administrative law, namely that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973). The purpose of judicial notice is to promote judicial economy by dispensing with formal proof when a matter cannot be disputed. <u>See</u> Weinstein on Evidence § 201.02[2]. Judicial notice is

not meant to circumvent the creation and review of an agency record.  Therefore, the Court of Appeals has recognized, as a general rule supplementation of the administrative record is not permitted.  See Axiom Res. Mgmt. v. United States, 564 F.3d 1374, 1379–80 (Fed. Cir. 2009) (determining the lower court abused its discretion by admitting extra-record evidence because an administrative record "should be supplemented only if the existing record is insufficient to permit meaningful review consistent with the APA"); Murakami v. United States, 46 Fed. Cl. 731, 739 (2000), aff'd, 398 F.3d 1342 (Fed. Cir. 2005) (explaining that the court is disinclined to allow judicial notice to circumvent the rule against supplementing an agency's record on review).  While there may be exceptions to that general rule, such as when effective review cannot be had without the information, see, e.g., Axiom Res. Mgmt., 564 F.3d at 1379–80 (Fed. Cir. 2009); Murakami, 46 Fed. Cl. at 735, aff'd, 398 F.3d 1342 (Fed. Cir. 2005), grounds for an exception do not exist here.  VASEP gives the court no reason to ignore this general rule.  There is no showing that the absence of these materials precludes judicial review.  The court declines to consider information that was not a part of the administrative record before Commerce.  Most importantly, VASEP has made no showing that the information at issue is not subject to reasonable dispute let alone not subject to reasonable dispute because it is generally known or because its accuracy can be readily determined.

## CONCLUSION

VASEP has not demonstrated that the public comments or the academic materials meet the requirements of Rule 201 of the Federal Rules of Evidence.  Therefore, upon

Consol. Court No. 14-00249                                                                                      Page 13

consideration of VASEP's Motion, all papers and proceedings in this action, and upon due deliberation, it is hereby

    **ORDERED** that VASEP's motion for judicial notice is denied.

                                                                                     /s/ Claire R. Kelly
                                                                           Claire R. Kelly, Judge

Dated: March 7, 2016
       New York, New York